510 P.2d 1096

**James DICK and John R. Dick, Plaintiffs and Appellants,**

v.

**AMERICAN NATIONAL MORTGAGE, Defendant and Respondent.**

No. 13073.

Supreme Court of Utah.

June 6, 1973.

---

Robert B. Hansen, Salt Lake City, for plaintiffs and appellants.

Lowell V. Summerhays, of Summerhays, Hatch & Landerman, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The plaintiffs were the vendees named in a uniform real estate contract and they commenced these proceedings in the court below seeking damages for the breach of the contract and attorney's fees. From a summary judgment entered in favor of the defendant, plaintiffs appealed.

Under the terms of the contract entered into by the parties, plaintiffs agreed to pay the sum of $5,700 for the real property described in the contract. After the down payment the plaintiffs agreed to pay the sum of $50 per month until the purchase price was paid in full. There was an obligation in the sum of $3,600 owed to LeRoy and Jean E. Soelberg by the defendant which was an encumbrance on the property. The plaintiffs became apprehensive that the defendant would fail to make its payments to the Soelbergs, and commencing October 1, 1965, the payment of $1,000 was made to the Soelbergs. Thereafter the plaintiffs made three additional successive annual payments on the obligation owed by the defendant to the Soelbergs. The total payments made to the Soelbergs and to the defendant completed the payments due under the contract except for a small balance. At the time these proceedings were pending in the district court, the defendant offered to waive the small balance due and tender to the plaintiffs a conveyance of the title.

The plaintiffs were not obligated to make the payments to the Soelbergs, and it does not appear that the payments were made at the request of the defendant. It is the plaintiffs' contention that they are entitled to recover interest on the payments made to the Soelbergs inasmuch as those payments exceeded the payments due under the contract with the defendant, and also they are entitled to an attorney's fee. Plaintiffs made the payments to the Soelbergs without any obligation to do so under the terms of the contract, and they did so as volunteers. The record does not reveal a breach of the contract by the defendant. There being no genuine issue of fact the court below correctly entered a summary judgment.[1]

The judgment of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

1. Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624.

ELLETT, Justice (dissenting).

I dissent.

American National Mortgage, hereinafter called defendant, on September 26, 1964, bought 98.86 acres of land from Mr. and Mrs. Soelberg on a Uniform Real Estate Contract for a total sum of $4,900, $1,300 of which was paid down, and the balance was to be paid at the rate of $1,000 on the first day of October of each year until the entire amount was paid. The defendant thereafter, to wit, on May 15, 1965, sold 80 acres of the land to James and John Dick, hereinafter called plaintiffs, under a Uniform Real Estate Contract for a total price of $5,700. This contract required the plaintiffs to pay $1,400 down and the balance in monthly installments of $50 together with interest at the rate of 6 per cent.

At the time of the contract of sale to the plaintiffs, the defendant owed the $3,600 remaining due to the Soelbergs and agreed in its contract with the plaintiffs not to default in making the payments on its obligation to the Soelbergs. The Soelberg contract provides:

In the event of a failure to comply with the terms hereof by the Buyer [defendant], or upon failure of the Buyer to make any payment or payments when the same shall become due, or within 30 days thereafter, the Seller, at his option shall have the following alternative remedies:

Then follow the usual three remedies, including the right to forfeit the contract and retake possession of the land.

After making the down payment to the Soelbergs, the defendant never made any other payments. It collected $338 from the plaintiffs during 1965 and $250 in 1966 by way of monthly payments. It made no effort to pay $1,000 to the Soelbergs on October 1, 1965, or thereafter. The plaintiffs paid $1,000 to the Soelbergs on October 1, 1965, and a like amount on October 1, 1966, November 1, 1967, and November 1, 1968, and the remaining sum of $180.50 on November 1, 1969.

The main opinion says that the plaintiffs were volunteers. That is saying something which the defendant never claimed in its pleadings. The only affirmative defense it asserted in the answer was that of laches.

If the plaintiffs were mere volunteers, they should not be given credit on their contract with the defendant for the sums paid to the Soelbergs. However, both the trial court and the defendant gave credit therefor.

It is to be noted that on three occasions the plaintiffs waited until 31 days after the due date before making the annual payment. They thus were in jeopardy of los-

ing their interest in the land and were not volunteers in paying the debt which the defendant was obligated to pay.

At the argument before this court, counsel for defendant said the defendant was not aware that plaintiffs had made the payments, thus showing an indifference on the part of the defendant which would justify the prompt payment of the annual payments in 1965 and 1966.

. While the defendant had 30 days to remedy the default, it does not appear to me that the plaintiffs have to wait until the last minute of the grace period to see if payment will be made. I think they have a right to pay it when due where it appears that defendant was making no effort to pay. If the full 30-day grace period is to be allowed the defendant, then payment thereafter would be too late, and plaintiffs might lose their land.

One is not a volunteer who pays the debt of another in order to protect his own interest. I, therefore, think the defendant breached its contract. By the plaintiffs having to pay more money than they were obligated to pay under their contract, they were damaged at least in the rate of interest available in the market over the rate which the contract called for. It might not be a great amount, but it is real.

The contract further provided that the party who breached the agreement would pay an attorney's fee to the other.

I would reverse the summary judgment and remand the case for a trial of the issues raised, to wit, laches, damages, and attorney's fee. I would also award costs to the plaintiffs (appellants).